Charles E. Gibson, appellee, v. Levi Gutru et al., appellants.

Filed March 18, 1916. No. 18246.

Bills and Notes: Bona Fide Purchaser: Failure of Consideration. Under the facts stated in the opinion, *held*, that the plaintiff is not a holder in due course of the note sued upon, and that it is subject to any defense that might be made against. it in the hands of the original owner. *Held*, further, that the defense of failure of consideration is established by the proofs.

Appeal from the district court for Madison county: Anson A. Welch, Judge. *Reversed.*

*Albert & Wagner* and *H. Halderson*, for appellants.

*M. B. Foster, James Nichols, W. A. Meserve* and *Reese, Reese & Stout, contra.*

Letton, J.

Action on promissory note, tried to the court without the intervention of a jury. Judgment for plaintiff, defendants appeal.

This is an appeal from a second trial of *Gibson v. Gutru*, 83 Neb. 718. The petition is in the ordinary form for an action by an indorsee against the maker of a promissory note. It pleads the execution and delivery of the note to the Globe Investment Company, the purchase of the note by the plaintiff on June 13, 1899, for a valuable consideration in the usual course of business, and the indorsement and delivery to plaintiff by the receiver of that corporation. The main defenses are a general denial and failure of consideration. The facts alleged are that defendant Gutru in November, 1894, purchased certain land in Box Butte county, Nebraska, from one Olson, who had theretofore executed a note for $275 secured by mortgage on the land to the Dakota Mortgage Loan Corporation, the name of which was afterwards changed to the Globe Investment

Company; that foreclosure proceedings were begun on this note and mortgage; that defendants, in order to renew the note given by Olson, executed the note sued upon herein and executed a mortgage on the same land to secure its payment, upon the agreement that, upon the delivery of the latter note and mortgage, the Globe Investment Company would release and surrender the Olson note and mortgage; that it failed to do this, and still retains the Olson note and mortgage, and therefore there was no consideration for the note sued upon.

The reply pleads the invalidity of the foreclosure proceedings in Box Butte county, and that defendants have sold and conveyed the land by warranty deed as if the decree were a nullity, and are therefore estopped to claim any right of defense. The court found generally for the plaintiff and rendered judgment accordingly. It is undisputed that the note was given to the Globe Investment Company in order to renew the Olson note.

Gutru bought the land subject to the mortgage and received a warranty deed dated November 12, 1894, after the *lis pendens* notice had been filed in the foreclosure suit. The application for the renewal was made in December, and Gutru paid the Globe Investment Company $80 back interest through one Miller, signed the new note and mortgage, and also a commission note and mortgage for $41.25, as a part of the same transaction. Afterwards Miller informed him that the company wanted him to pay $19 additional costs in the foreclosure suit, which he refused to do, and stated that, if they would not renew the note as they had agreed, they should return the money paid and the new note and mortgage. This was never done.

The testimony of the plaintiff is that he purchased the note in suit on October 21, 1896, with other loans from one Chaplin; that Chaplin held a prior mortgage given by Olson; that while the note in suit was in the hands of the Globe Investment Company it failed, and a receiver was appointed; that a dispute arose between the receiver and

plaintiff as to certain sums claimed to be due the company on account of the Chaplin loans, and that plaintiff came to terms with the receiver, who on June 13, 1899, indorsed the note and delivered it to him. Plaintiff testified: "I did not buy the Gutru note and coupons from the receiver of the Globe Investment Company. The said receiver never claimed to me that he owned said note and coupons, and never offered to sell me the same."

The question is whether Gibson was a purchaser in due course, for value, so that the defense of failure of consideration may not be made against him. The note was not payable to Chaplin, but was made payable to the Globe Investment Company. It was never delivered to Chaplin. Chaplin was the owner of the prior note and mortgage. The receiver testified that the record of the investment company showed that loan No. E-323, the Olson note and mortgage, had been assigned to George W. Chaplin in 1887, and that under the same filing number, E-323, and in the same filing envelope, there was found the application signed by Olson, and the application signed by Gutru. He also testifies that he delivered the note to Gibson for the reason that he had received a letter which was produced from the administratrix of the estate of George W. Chaplin, to the effect that her father had sold all his loans in the Globe Investment Company to Mr. Gibson, and because Gibson had settled the claims of the investment company "on account of the foreclosure costs, taxes and expenses in connection with the several loans which had been sold by said Chaplin and transferred to said Gibson."

The foreclosure of the prior loan was brought in the name of one of the officers of the Globe Investment Company, which was in possession of the note and mortgage as the agent of Chaplin, and was evidently acting for him. The petition was filed on August 1, 1894, a notice of *lis pendens* and a cross-petition of the Globe Investment Company were filed on the same day. A summons was issued, but was not served because the fees of the officer were not

paid in advance. An alias summons was issued on August 27, directed to the sheriff of Madison county. The return shows personal service on Olson in that county. On September 19 a special appearance was filed by Olson objecting to the jurisdiction of the court, and "that the copy of summons hereto attached" is the only copy served upon him and is not a certified copy. No copy is attached to the affidavit. On November 1, 1894, a defective summons was issued and served on Olson. Nothing further appears to have been done until April 2, 1895, when the record recites that the case came on to be heard; "The defendants, except the Globe Investment Company, not appearing. * * * The court finds that due and legal notice of the filing and pendency of this action was given each of the said defendants, and that they have failed to appear and plead in said cause in the time and manner provided for by law." A default was adjudged against Olson, and a decree of foreclosure rendered.

The finding that defendant Olson had been duly served with summons overruled the special appearance, which was unsupported by proof.

It would seem (but since others not parties to this suit are interested we do not so decide) that the court had jurisdiction to render the decree. The land afterwards was duly sold under the decree, the sale confirmed on August 30, 1895, and a deficiency judgment rendered against Olson.

The facts with reference to the foreclosure suit are really immaterial under the issues in the case, except in so far as they corroborate the other proof that there was an absolute lack of consideration for the note sued upon in this case. The fact that Gutru sold the land after the foreclosure is also immaterial under the issues.

Since the Globe Investment Company, acting for Chaplin, had taken the note from Gutru, when it was directed to return it, it was still the property of Gutru, and neither Chaplin nor that company had any interest in it. Gibson was not a holder in due course of business under the stat-

ute, and any defense that might be made against the note in the hands of Chaplin or the investment company is valid against Gibson. The judgment is therefore erroneous.

If the evidence in this case, as seems probable, is identical with that adduced in the first trial, the trial judge was warranted in directing a verdict for defendant at that time, and the commissioners and this court, as shown by the opinion in 83 Neb. 718, failed to apprehend its true purport.

The judgment of the district court is

REVERSED.